### In re STEVENS et al.

(District Court, D. Oregon. November 11, 1909.)

No. 1,344.

BANKRUPTCY (§ 267*)—LIENS—RIGHT OF MORTGAGEE TO INTEREST.

    A valid mortgage upon property of a bankrupt, by the express terms of Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), is not affected by the act; and, where the property is sold by the trustee free from the lien of the mortgage, the holder is entitled to payment from the proceeds of the full amount of his debt, with interest to the time of sale, whether or not he has proved his debt in the bankruptcy proceeding.

    , [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 267.*]

In the matter of A. J. Stevens, bankrupt. On certificate of referee. Order of referee modified.

Mahlon Purdin, for mortgage claimant.

WOLVERTON, District Judge. The referee has certified certain facts, upon which are desired the judgment and advice of the court touching what interest a secured creditor is entitled to receive upon his demand or claim against the estate.

A. W. Sturgis filed and proved his claim against the estate, being evidenced by a promissory note secured by a mortgage on certain realty of the bankrupt. The claim as proven, with interest to the date of the adjudication in bankruptcy, was the sum of $520.78. The realty was sold by the trustee, with the consent of the claimant, and the sum of $900 realized thereupon. At the final hearing it was found that there were sufficient funds to pay the expenses of the administration and the mortgage debt; but the labor claims, having priority, could not be paid in full, and the general creditors received nothing. Under this state of facts, it was held by the referee that the mortgage claimant was entitled to interest upon his demand to the date of the adjudication in bankruptcy, while the claimant insists that he is entitled to interest up to the date of its payment by the trustee. Thus is presented the question for determination here.

The bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) contemplates that secured claims shall be proved. This is deducible from section 57a, which prescribes of what the proof of claims shall consist. A claim may be allowed for the purpose of enabling the claimant to participate in the meetings of creditors. For this purpose the value is ascertained in a summary way; the

---

amount to be allowed being the residue of the claim above the value of the security. Section 57e. Subsequently, but for another purpose, it is provided (subdivision "h") how the value of the security shall be determined, which is by converting the same into money in pursuance of the agreement by which the lien was created, or by agreement, arbitration, compromise, or litigation, as the court may direct. Thereupon it is declared that the value thus ascertained shall be credited upon the claim, "and a dividend shall be paid only on the unpaid balance." The balance thus found due upon the secured claim, which, in that event, would be only partially secured, constitutes the amount of the creditor's claim against the estate of the bankrupt, and is made the basis for striking dividends as it respects the demand.

The rule governing general claims against the estate, bearing interest, is that they will continue to draw interest to the date of the filing of the petition in bankruptcy, but not subsequent thereto. Such is the manifest intendment of the bankruptcy act itself. Section 63a. This section prescribes that debts may be proven and allowed against the estate, which are a fixed liability as evidenced by a judgment, or an instrument of writing absolutely owing at the time of the filing of the petition, whether then payable or not, "with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest." Thus is evinced a purpose of fixing the date of the filing of the petition as a time with reference to which all claims shall be computed with a view to ascertaining their amounts, and thus is a basis established for striking and paying dividends. The estate pays no accruing interest thereafter. In re Haake, 11 Fed. Cas. 134, No. 5,883.

The rule is convenient, fair, and equitable to all concerned, and affords a ready and indubitable basis for distribution of the assets under the provisions of the act among the creditors of the estate. By section 67d it is declared that liens given and accepted in good faith shall not be affected by the act. A lien in the usual course of business is given to secure interest accruing, as well as the principal of a demand, and it needs no argument to demonstrate the fact that, if the act should declare that interest shall cease upon secured demands at a given date, whether the demands are paid or not, it would affect the lien constituting such security. Another proposition is true also—that, while the bankruptcy act contemplates that a secured creditor shall prove his claim, he may, notwithstanding, decline to make proof, and he does not thereby waive or lose his lien upon the property pledged. In re Goldsmith (D. C.) 118 Fed. 763. His lien is yet simply unaffected by the bankruptcy act. Putting the two propositions together, the lien claimant is afforded a legal means whereby he is enabled to procure the interest on his demand, if fully secured.

Furthermore, if the property be worth more than the claim for which it is pledged, the trustee is bound to administer it; for the surplus value or proceeds above the amount of the lien should go to the creditors. He must sell either subject to or disincumbered of the lien. If disincumbered of the lien, the lien would follow the proceeds into the hands of the trustee and attach to them. In such case the trustee, in order to free them of the lien, must pay the claim, with interest, as

that is the measure of the claimant's demand against such proceeds. The balance, therefore, to which the estate would be entitled for distribution, would be such as remained after deducting the claimant's demand, with interest to the time when the money was realized from the property charged with such demand. There seems to be no provision for the allowance of any claim fully secured. The allowance can go only to any balance that may remain of the claimant's demand after applying the value of the property incumbered by the claim. Perhaps an allowance should not be entered, even as to that; but the unpaid balance is constituted the basis upon which dividends shall be paid from the assets of the estate. This, however, is tantamount to an allowance, because the claim is ascertained upon which the claimant will be entitled to his dividends.

Now, if the secured claimant is entitled to his interest when he omits to make proof of his claim, it would not seem that it was the purpose of the act to cut off the running of his interest at the time of the filing of the petition in bankruptcy when his claim is proved. Indeed, section 67d is indicative of the opposite intendment, in declaring that good-faith liens shall not be affected by the act. The act, otherwise construed, would result in the impairment of the lienor's contract, and could not stand under the federal Constitution. Of course, the lienor may waive his security, and, if that is done, he comes in as one of the general creditors, and will share their rights and none other. But, if there be no waiver of the security, the estate is incumbered with the entire demand, including principal and interest.

The next inquiry is, then, when does the interest cease to·run upon a secured claim? The manifest answer to this is, when the money is realized from the property pledged. That is the end of the proceeding, we might say, for foreclosing the lien, and the duty then devolves upon the trustee to pay the claimant his debt. The estate ought not to be burdened with the payment of interest subsequent to that time. Sturgis was, therefore, entitled to interest on his demand to the time the realty covered by his mortgage was sold and the money realized therefor with which to pay such demand.

The findings and decree of the referee will be modified accordingly.