Julius R. Lippman, J.
This is an application by Tobias Halpern, doing business under the name of Tobern Automatic Music Co., a bankrupt debtor, to have certain .judgments discharged of record pursuant to section 150 of the Debtor and Creditor Law. One of the, creditors, Perfect Oil Co., Inc., opposes the application contending that the bankrupt is entitled to only a qualified discharge.
The debtor filed a voluntary petition in bankruptcy on December 9, 1965. According to his affidavit submitted in support of his present application, the creditors did not file any proofs of claim and the debtor was granted a discharge in bankruptcy. The affidavit in opposition sets forth that all right, title and interest in and to the petitioner’s property known as premises 21 Oxford Avenue, Massapequa, New York, was conveyed to one Ruth Halpern for the total sum of $125 by way of a trustee’s quit-claim deed on April 18, 1966, and recorded at the office of the Clerk of Nassau County on April 25, 1966, liber 7507, page 160. This conveyance was made “ subject to all liens and encumbrances ’ ’.
Subdivision 4 of section 150 of the Debtor and Creditor Law provides: “4. If (a) it does not appear whether the judgment was a lien on real property owned by the bankrupt or debtor prior to the commencement of the bankruptcy proceedings, or (b) if it appears that the judgment was a lien on such real property and it is not established to the satisfaction of the court that the lien was invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee, the order shall direct that a qualified discharge be marked on the docket of the judgment. If the court directs that a qualified discharge be marked on the docket of the judgment it shall specify in its order which of the two grounds stated above was the basis of its order. ’ ’
It appears that the judgment sought to be discharged was a lien on real property and the bankrupt has not established that the lien was invalidated or surrendered in bankruptcy or set aside in any action.
Unless invalidated by a provision of the Bankruptcy Act, a lien against the property of the bankrupt recognized as valid by either Federal or State law attaches even to property in the hands of a trustee after bankruptcy. (United States v. Sampsell, 153 F. 2d 731.) The court held, in Matter of Stevens (173 F. 842, 843) ‘1 while the bankruptcy act contemplates that *543 a secured creditor shall prove his claim, he may, notwithstanding, decline to make proof, and he does not thereby waive or lose his lien upon the property pledged. ’ ’
While a debtor’s discharge in bankruptcy terminates all personal liability or legal obligation to pay a creditor’s judgment, it does not affect the lien by judgment which had attached to the debtor’s property before he filed his petition in bankruptcy. (Tuten v. Zetterower, 218 Ga. 230.)
Since the purchaser, Euth Halpern, agreed to take the real property “ subject to all liens and encumbrances ” she must be held to her contract. (Matter of Gerry, 112 F. 958.) Were this court to completely discharge the judgment of record, the lien would be extinguished and the said purchaser would have received more than she was entitled to under the terms set forth in the bankruptcy proceedings. The action of the bankruptcy court affected only discharge of the bankrupt debtor’s personal liability and did not release or extinguish the valid lien.
The application set forth in the petition of the bankrupt debtor is qualifiably granted discharging the said judgments, preserving, however, all judgment liens which may be possessed by the respondent Perfect Oil Co. Inc., against the said petitioner Tobias Halpern or his transferees.