**In the Matter of Miriam A. BECKERLE, Appellant.**

**No. 77 B 2731 (RWS).**

United States District Court, S. D. New York.

Nov. 19, 1979.

---

Martin Harris, New York City, for appellant.

Lexow & Jenkins, Suffern, N. Y., for Nanuet National Bank.

## OPINION

SWEET, District Judge.

Appellant Miriam Beckerle appeals from the decision of Bankruptcy Judge Howard Schwartzberg denying her motion to hold the Nanuet National Bank ("Nanuet") in contempt of court and to enjoin it from opposing her state court action to discharge Nanuet's judgment against her.

The bankruptcy court found that prior to May 26, 1976, the bankrupt had an interest in certain real property in Rockland County, New York. On May 21, 1976, Nanuet commenced an action against appellant and others to recover on certain promissory notes which were apparently secured by a mortgage on the property in Rockland County. A judgment in the amount of $159,402.92 was entered in Nanuet's favor on March 21, 1977, in the office of the clerk of Rockland County.

During the pendency of Nanuet's action, the Empire National Bank ("Empire") commenced a foreclosure action against the appellant and others by filing a *lis pendens* on November 12, 1976. It is undisputed that Nanuet's judgment was subsequent and

junior to Empire's *lis pendens* and later judgment for $220,403. The appellant's sister-in-law purchased two parcels of the Rockland County property at Empire's foreclosure sale in August, 1977.

Appellant filed a voluntary petition in bankruptcy on November 10, 1977, and received her discharge in bankruptcy on January 10, 1978. On February 6, 1978, appellant's sister-in-law conveyed one parcel of the Rockland County property back to appellant.

On January 8, 1979, the appellant made a motion pursuant to New York Debtor and Creditor Law § 150 for an order directing that Nanuet's judgment against it be discharged of record. Nanuet opposed the motion on the ground that it had an equitable lien on the property as a result of an allegedly fraudulent conspiracy involving appellant's sister-in-law to defraud prior lienors and creditors. The state court has agreed to hear Nanuet's argument.

At the outset, it is noted that there appears to be little legal support for Nanuet's position that its judgment should not be discharged because it has a continuing equitable lien on appellant's property. Nevertheless, as the bankruptcy judge correctly noted, that issue is not before this court. The issue here is whether Nanuet, by opposing the state court proceeding on the ground that an equitable lien continues to exist, has violated section 14(f)(2) of the Bankruptcy Act, 11 U.S.C. § 32(f)(2).[1]

Section 14(f)(2) enjoins all creditors whose debts are discharged from thereafter instituting any action or employing any process to collect such debts as personal liabilities of the bankrupt. As Judge Schwartzberg noted, Nanuet is not attempting to collect the debt as a personal liability of the bankrupt; rather, it is attempting to assert its alleged equitable lien against property which was not part of the administered estate in the bankruptcy pro-

1. Congress repealed the Bankruptcy Act effective October 1, 1979. *See* Bankruptcy Reform Act of 1978, Pub.L. 95-598, § 401(a), 92 Stat. 2682. A case commenced under the Bankrupt-cy Act continues to be governed by it. § 403(a), 92 Stat. 2683. *See also Brown v. Felsen,* 442 U.S. 127, 129 n. 1, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

ceeding. Where a lien on real property is neither invalidated nor surrendered in the bankruptcy proceeding, it continues to secure the lien creditor. *See generally Application of Phillips*, 88 Misc.2d 848, 388 N.Y. S.2d 840 (1976); *Application of Halpern*, 54 Misc.2d 541, 283 N.Y.S.2d 89 (1967). Therefore, section 14(f)(2) does not enjoin Nanuet's attempt to preserve its alleged equitable lien on the Rockland County property.

Beckerle also apparently urges the court to use its general injunctive power under § 2(15) of the Bankruptcy Act, 11 U.S.C. § 11(15) on the theory that fraud and conspiracy lie within the exclusive province of the bankruptcy court. Section 17(a) of the Bankruptcy Act, 11 U.S.C. § 35(a), provides that a bankrupt will not be released from debts that are liabilities for obtaining money or property by fraudulent activities or intentional conversion.[2] That section is not applicable to the instant case, however, because there is no allegation that the underlying debt—the promissory notes—was fraudulently procured. In addition, Beckerle's claim that Nanuet should have brought its claim of fraud prior to the discharge in bankruptcy is patently absurd; the alleged fraudulent act did not occur until four weeks after the discharge.

For these reasons, the appellant's motions are denied and the opinion of the bankruptcy judge is affirmed.

IT IS SO ORDERED.

---

2. Section 35(a) provides:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as

\*   \*   \*   \*   \*   \*

(2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another.