In re Ned Thomas PITTMAN and Peggy Sue Pittman, Debtors.

In the Matter of FIRST NATIONAL BANK OF NORTHGLENN, Plaintiff,

v.

Ned Thomas PITTMAN and Peggy Sue Pittman, Defendants.

Bankruptcy Appeal No. 80–M–1522.

United States District Court, D. Colorado.

Jan. 23, 1981.

Kirk P. Brady, Denver, Colo., for plaintiff.

Carol B. Million, Denver, Colo., for debtors/defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD P. MATSCH, District Judge.

This is an appeal by the First National Bank of Northglenn (Bank) from an order of the bankruptcy court dismissing a complaint for relief from the automatic stay of lien enforcement on the ground that the Bank was adequately protected by the payments to be made in performance of the debtors' Chapter 13 plan. Because that decision is premised on an erroneous interpretation of the Revised Bankruptcy Act, the order must be vacated and the matter remanded for further proceedings.

On or about July 6, 1979, the debtor, Ned Pittman, bought a 1979 Ford Custom Van automobile from O'Meara Ford Center under a credit sale agreement which obligated him to pay $17,731.80 in 60 equal monthly installments of $295.53 each, secured by a security interest in the vehicle. O'Meara Ford Center assigned the credit sale agreement and security interest to the Bank with an agreement to repurchase upon default.

Ned Pittman and his wife filed their Chapter 13 petition with the bankruptcy court on July 7, 1980. At that time the remaining balance on the credit sale agreement after rebate of pre-calculated interest was $11,560.46. The Bank promptly filed a proof of claim for that amount as a secured creditor and rejected the debtors' proposed plan.

The debtors sought confirmation of their plan by the "cram down" technique of asserting that the value of the vehicle was only $5,350.00 and that the plan payments constituted adequate protection for that amount under 11 U.S.C. § 1325(a)(5)(B).

The Bank filed its complaint for relief from the automatic stay of lien enforcement, resulting from the provisions of 11 U.S.C. § 362(a), by contending under 11 U.S.C. § 362(d) that the debtors had no equity in the vehicle and that the plan did not provide adequate protection for the security interest.

The bankruptcy judge combined the confirmation hearing with the hearing on the Bank's complaint for relief from stay. Ned Pittman testified that he was three months in arrears in making payments on the van; that he had another automobile which he drove to work; that his wife used the van to drive the children to school and to get groceries; that he had talked with the managers of two used car lots who valued the van at $5,500.00 and $5,200.00; and that those statements and the "Blue Book" were the basis for his estimate of $5,350.00 as the value of the collateral on the Bank's secured claim.

The Bank presented two witnesses who testified concerning valuation of the vehicle. The collection manager of the Bank said that the vehicle was in excellent condition and that he had received a written bid from O'Meara Ford Center to buy the van for $9,500.00 under the repurchase agreement. The second witness was a collection manager of a different bank who said that he had recently repossessed a similar van which the bank sold to a private buyer on bids for a cash price of $11,000.00.

The bankruptcy judge valued the vehicle at $6,000.00, which amount was found to be adequately protected under the plan which was confirmed by an order entered on September 24, 1980. On the same date, an order was entered dismissing the complaint for relief from stay on that finding of adequate protection for the security interest.

■ On this appeal the Bank asserts error in the determination that the value of the vehicle was $6,000.00. That is a finding of fact based on conflicting evidence and the finding must be accepted unless it is clearly erroneous. Bankruptcy Rule 810. There is no basis for such a determination here.

The Bank also claims error in the refusal of the bankruptcy judge to consider its claim that the vehicle is not property which is necessary to an "effective reorganization" as required by 11 U.S.C. § 362(d) (2)(B). The bankruptcy judge observed during oral argument at the hearing on September 18, 1980 that the word "reor-

ganization" is applicable only to a proceeding under Chapter 11 and, accordingly, subsection (B) of 11 U.S.C. § 362(d)(2) is of no concern in Chapter 13. That is the view taken in the *Matter of Feimster*, 3 B.R. 11 (N.D.Ga.1979). A contrary position was taken in the ruling in the *Matter of Brock*, 6 B.R. 105 (N.D.Ill.1980). Additionally, the authors of 2 Collier on *Bankruptcy* ¶ 362.-07[2] (15th Ed. 1979) assumed the applicability of the "effective reorganization" requirement for continuing a stay of lien enforcement in Chapter 13.

■ Both Chapter 11 and Chapter 13 contemplate the resolution of debt difficulties without the liquidation of the debtor's non-exempt property as required under Chapter 7. It seems facile to suggest that Congress intended such a significant difference between these chapters simply by the use of the word "reorganization." A Chapter 13 debtor avoids the loss of his assets by contributing future income to the payment of his debts under a court-approved plan. A Chapter 11 debtor has the opportunity to continue in business under a court-approved plan for the restructuring of his or its obligation. Should the creditors with security interests protecting the obligations owing to them be treated differently in these two chapters? Is there any difference in the purpose of continuing the stay of lien enforcement in these two kinds of proceedings? Is it not simply a matter of aiding both kinds of debtors to perform their plans? The answers to these questions seem apparent. Indeed, the similarity between Chapter 11 and Chapter 13 in their purposes and effects is made even more clear by observing that 11 U.S.C. § 1304 authorizes the use of Chapter 13 by a debtor who is self-employed and engaged in business. Such a Chapter 13 debtor is authorized to operate that business, unless the court orders otherwise in substantially the same manner as a debtor in possession under Chapter 11.

■ It is my opinion that in addition to providing adequate protection for a rejecting secured creditor as required by 11

U.S.C. § 1325 and 11 U.S.C. § 361(3) by payment of the "indubitable equivalent" of the security interest, a Chapter 13 debtor has the burden of persuading the court that retention of the vehicle is necessary to achieve the rehabilitative purposes of his plan if he is to avoid vacation of the stay of lien enforcement. That is the plain language of 11 U.S.C. § 362(d)(2). The bankruptcy judge did not make any determination of that issue in this case because he erroneously concluded that this subsection was not applicable.

There is no touchstone for determining what property may be necessary for performing a Chapter 13 plan. That is a mixed question of fact and law which must be decided by the bankruptcy judge after whatever additional hearing may be required. Accordingly, it is

ORDERED, that the order dismissing the Bank's complaint for relief from stay is vacated and this matter is remanded to the bankruptcy court for further proceedings consistent with this opinion.