**In re Thomas W. STEWART, Debtor.**

**STANDARD MORTGAGE CORPORATION, Plaintiff,**

**v.**

**Thomas W. STEWART and J. Sam Plowden, Trustee, Defendants.**

**Bankruptcy No. 81–0543A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

May 19, 1981.

Lowell H. Hughen, Atlanta, Ga., for plaintiff.

Paul C. Parker, Decatur, Ga., for defendants.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

The above-referenced plaintiff filed a complaint for relief from stay on March 27, 1981 initiating this proceeding. On May 13, 1981, a final hearing on the complaint was

held and the matter taken under advisement.

The following constitutes findings of fact and conclusions of law as required by Rule 52(a), Federal Rules of Civil Procedure as applied to this Court by Rule 752, Rules of Bankruptcy Procedure.

## FINDINGS OF FACT

1.

The plaintiff herein holds a valid first mortgage deed to secure debt on the debtor's principal residence (hereinafter "the property").

2.

The appraised market value of the property as of May 11, 1981 is $43,000.00. The debtor listed the value of the property as $45,000.00 in the schedules filed with his petition. Taking $43,000.00 as the minimum market value, and $45,000.00 as the maximum market value admitted by the defendant, the Court finds the present fair market value of the property to be $44,000.00.

3.

As of May 1, 1981, the balance due on the debt secured by the deed to secure debt held by the plaintiff was $46,561.97 consisting of the $38,362.07 principal balance and $8,199.90 earned accrued interest.

4.

The debtor has made one installment payment since February 1, 1979 and is currently $11,133.48 in arrears.

## CONCLUSIONS OF LAW

The plaintiff in this action seeks relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(d)(2). That section states in material part:

"On request of a party in interest and after notice and a hearing, the court *shall grant relief from the stay provided under* subsection (a) of this section, such as by termination, annulling, modifying or conditioning such stay—

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d). [emphasis added].

■ The evidence and testimony introduced at the final hearing in this proceeding indicates that the debtor has no equity in the property. The property valued at $44,000.00 secures an indebtedness in the current balance of $46,561.97. Thus, the interest of the plaintiff is not protected by any equity. Nor will any equity of the defendant be destroyed if the automatic stay is terminated in order to allow the plaintiff to proceed with the foreclosure. The Court finds that the plaintiff has satisfied its burden with respect to § 362(d)(2)(A).

The second issue is whether the property is necessary to an effective reorganization. Certain courts have held that 11 U.S.C. § 362(d)(2) does not apply to cases filed under Chapter 13 because it uses the word "reorganization," a word used elsewhere only in Chapter 11. 11 U.S.C. § 1101 *et seq.* See e. g. *In re Feimster*, 3 B.R. 11, 6 BCD 131 (N.D.Ga.1979); *In re Sulzer*, 2 B.R. 630, 5 BCD 1314 (B.C.S.D.N.Y.1980); *In re Youngs*, 7 B.R. 69 (B.C.D.Mass.1980). However, the better view is that 11 U.S.C. § 362(d)(2) is applicable to cases under Chapter 13. *In re Crouse*, 9 B.R. 400, 7 BCD 454 (B.C.S.D.Tex.1981); *In re Brock*, 6 B.R. 105, 6 BCD 1065 (B.C.N.D.Ill.1980); *In re Zellmer*, 6 B.R. 497 (B.C.N.D.Ill.1980); *In re Ruark*, 7 B.R. 46 (B.C.D.Conn.1980).

As the Code states:

"Except as provided in section 1161 of this title, chapters 1, *3*, and 5 of this title apply in a case under chapters 7, 11, or *13* of this title." 11 U.S.C. § 103. [emphasis added].

Since § 362(d) is found in Chapter 3 of title 11, and is not within any exception provided by § 1161, the clear language of § 103 indicates that § 362(d)(2) does apply in cases under Chapter 13.

■ One leading commentator appears to assume that this provision applies in cases

under Chapter 13 with the statement that § 362(d)(2):

> "will be of little practical value to creditors in reorganization cases since in most cases the property will be needed for an effective reorganization ..." 2 *Collier on Bankruptcy* ¶ 362.07(2) p. 362.48 (15th ed. 1980).

Since the provision cannot apply to liquidation cases, because no reorganization is contemplated, and has little practical value in reorganization cases, it must be intended to apply somewhere. This Court finds that it is intended to apply in cases under Chapter 13.

■ The question remains whether this property is necessary to an *effective* reorganization. In any hearing under 11 U.S.C. § 362(d), the creditor has the burden of proof on the issue of the debtor's lack of equity, while the debtor has the burden of proof on all other issues. 11 U.S.C. § 362(g). Here the creditor has successfully shown that the debtor lacks equity in the property. The debtor, however, has not shown that the property is necessary to an effective reorganization. In fact, the evidence indicates that to fund successfully a plan of debt adjustment while retaining possession of the property, the debtor must pay arrearages on the mortgage debt in the amount of $11,133.48. The substantial amount of this arrearage is further evidence that no plan under which the debtor retains the property can result in an *effective* reorganization. Therefore, the Court finds that the plaintiff is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

IT IS HEREBY ORDERED AND ADJUDGED that the automatic stay shall be and is terminated to the extent necessary to allow the plaintiff to proceed against the property.