In re Ralph Ernest RODEBAUGH and Marcelle Louise Rodebaugh, Debtors.

The SAVINGS & LOAN ASSOCIATION OF BANGOR, Plaintiff,

v.

Ralph Ernest RODEBAUGH and Marcelle Louise Rodebaugh and Gerald S. Cope, as Chapter 13 Trustee, Defendants.

Bankruptcy No. 181–00117.
Adv. No. 181–0057.

United States Bankruptcy Court, D. Maine.

June 19, 1981.

William Conte, Gary M. Growe, Conte & Growe, Bangor, Me., for debtors.

Michael S. Haenn, Mitchell & Stearns, Bangor, Me., for plaintiff.

Gerald S. Cope, Portland, Me., Chapter 13 Trustee.

MEMORANDUM OPINION

CONRAD K. CYR, Bankruptcy Judge.

The plaintiff holds a valid and enforceable first real estate mortgage on the two-family residence owned by the defendants (debtors), which has a fair market value of

$35,000 and upon which is owed in excess of $43,000. The debtors propose to pay $225 per month under a chapter 13 plan yet to be confirmed over the objection of the plaintiff. Plaintiff demands relief from stay in order to continue state court foreclosure proceedings commenced prior to the filing of the chapter 13 petition. The mortgage is in default; nine monthly payments are in arrears, as are municipal taxes (constituting a first lien on the real estate) and sewage charges. The real estate has declined in value in recent years. The only protection of the interest of the plaintiff proffered by the debtors is that plaintiff retain its lien awaiting future mortgage payments to be made outside the plan by the debtors, and accumulations under the chapter 13 plan sufficient to cure the existing delinquency, following the satisfaction of prior tax liens and costs of administration.

The debtors have no equity in the subject real estate, which is worth from $7,000 to $9,000 less than the amounts due plaintiff and a tax lien claimant. The plaintiff waives any and all deficiency claims against the debtors and their chapter 13 estate, provided foreclosure is allowed to proceed. The $311 monthly mortgage payment, which does not cover real estate taxes and sewage assessments, exceeds the cost of rental housing adequate for the debtors' needs.

I conclude that the encumbered real estate is not necessary to an effective adjustment of debts in these circumstances.[1] Upon their relinquishment of title to real estate in which they have no equity, the almost immediate solvency and financial rehabilitation of the debtors would be virtually assured, by reason of the prompt satisfaction and forgiveness of approximately $43,000 of indebtedness, leaving scheduled liabilities totaling less than $5,000. The plaintiff is entitled, under

Bankruptcy Code § 362(d)(2)(A) & (B), to relief from stay in accordance with the accompanying order.

---

1. I am unable to accept the view adopted by a few bankruptcy courts, that Bankruptcy Code § 362(d)(2)(B) is inapplicable in chapter 13 cases, *see, e. g., In re Feimster,* 3 B.R. 11, 1 CBC 2d 956, 959–60 (N.D.Ga.B.J.1979), which ignore the clear command of Bankruptcy Code § 103(a) that chapter 13 is to be applied in its entirety in chapter 13 cases. *Cf. In re Zellmer,* 6 B.R. 497, 3 CBC 2d 42, 45, 46 (N.D.Ill.B.J. 1980). Of course, in some circumstances real estate may be as essential to an effective "reorganization" of the financial affairs of a chapter 13 debtor, whether or not *engaged in business,* as in any chapter 11 reorganization.