**In re Leonard K. GARNER and Sallie G. Garner, Debtors.**

**DALE FUNDING CORPORATION, Plaintiff,**

v.

**Leonard K. GARNER, Sallie G. Garner, and Jeffrey L. Sapir, Trustee, Defendants.**

**No. 81 Civ. 7183(CES).**

United States District Court, S. D. New York.

Feb. 19, 1982.

Walter L. Post and Robert M. Post, Hickville, N. Y., for plaintiff.

Spodek & Schklair, New York City, for defendants.

---

15. § 522 provides a list of property exempt from § 541 inclusion. *See* F.N. 12 *supra.*

## MEMORANDUM DECISION

STEWART, District Judge:

■ Dale Funding Corporation ("DFC") appeals from a decision of the Bankruptcy Court denying DFC's petition to vacate an automatic stay and to permit DFC to foreclose upon the debtors' residence. The factual findings of the court shall not be overturned unless they are clearly erroneous. *E.g., In re Danesi*, 6 B.R. 738, 740 (D.C.S.D. N.Y.1980); *In re Lurie*, 385 F.Supp. 784, 786 & n.4 (E.D.N.Y.1974). With respect to conclusions of law, however, our review is plenary. *E.g., In re Gilchrist Co.*, 410 F.Supp. 1070, 1074 (E.D.Pa.1976).

The Bankruptcy Court held that a judgment lien obtained on the basis of a security interest in the debtors' residence was outside the express prohibition of 11 U.S.C. § 1322(b) against modifying "the rights of holders of ... a claim secured *only* by a security interest in real property that is the debtor's principal residence" (emphasis added). Thus, the ordinary Code remedies were available to the debtors and to DFC. DFC's further attempt to pursue foreclosure required relief from the automatic stay of § 362(a). The stay may be lifted "(1) for cause, including the lack of adequate protection of an interest in property ...; or (2) with respect to a stay of an action against property, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d) (Supp. III 1979). As the Code allocates the burden of proof as to element (2)(B) to the debtor, the court analyzed the proof that might be offered by the debtor in a Chapter 13 proceeding to continue the stay. However, the court only referred to precedent under Chapter 11 to determine what would be "necessary to an effective reorganization." In general terms, the court concluded that properties used for business were necessary and a stay would be maintained as to such properties. Not-

ing that personal properties and not business properties are almost always involved in Chapter 13 proceedings, the court concluded that debtors could but rarely satisfy the burden of proof and preserve a stay. That result was patently inconsistent with the remedial purpose of Chapter 13, so the court held that § 362(d)(2) must not apply to Chapter 13 cases and that the automatic stay cannot be lifted except for cause. As DFC could be adequately protected by a plan, the motion for relief from the stay was denied and the stay continued until the confirmation hearing.

Courts have reached different conclusions concerning the application of § 362(d)(2) to Chapter 13 cases. Some courts apply subsection (d) in its entirety to Chapter 13 cases. *E.g., In re Ruark [First Connecticut Small Business Investment Co. v. Ruark]*, 7 B.R. 46, 49 (D.Ct.1980); *In re McAloon*, 1 B.R. 766, 768 (Bkrtcy.E.D.Pa.1980). Some courts hold that the standard of § 362(d)(2) is inapplicable outside the context of Chapter 11 reorganizations. *E.g., In re Feimster*, 3 B.R. 11, 14 (Bkrtcy.N.D.Ga.1979). A leading treatise on bankruptcy states without analysis of the language employed in the Code that subsection (d)(2) can apply to a Chapter 13 plan, and that a plan which contemplates rehabilitation of the debtor "will normally constitute an 'effective reorganization' for purposes of section 362(d)(2)(B)." 2 Collier on Bankruptcy ¶ 362.07, at 362–50 (15th ed. 1981). There is no guidance in the legislative history of the Code.[1] However, the proposed technical amendments to the Code adopted by the House of Representatives but not by the Senate would insert into § 362(d)(2)(B) after the word "reorganization" the phrase "in a case under Chapter 11 of this title or to an effective plan in a case under Chapter 13 of this title, as the case may be." *In re Ruark [First Connecticut Small Business Investment Co. v. Ruark]*, 7 B.R. at 49 n.3.

■ The Bankruptcy Court creates a broad exception to section 362 based almost

---

1. The Legislative Statements following 11 U.S.C. § 362 state in the most general terms that § 362(d)(2) "is intended to solve the problem of real property mortgage foreclosures of property where the bankruptcy petition is filed on the eve of foreclosure". Although this might justifiably be read to apply to individual as well as corporate debtors, the example which follows refers only to business properties.

entirely upon a technical definition of "reorganization". Although outside of section 362 the term "reorganization" appears in the Code only in connection with Chapter 11 proceedings, it is not defined for all purposes at any place in the Code. If Congress had such a technical meaning in mind, it would of course be best if Congress made clear its intent. The only indication in the Code, however, is of an intent not to use the term technically. Section 103(a) expressly applies Chapter 3, including section 362, in Chapter 13 cases. Section 102(8) creates a rule of construction that a definition of a term in one section should not affect the meaning of a term used in another section where the sections are cross-referenced. Although "familiar legal expressions" should ordinarily be interpreted in their "familiar legal sense", *Bradley v. United States*, 410 U.S. 605, 609, 93 S.Ct. 1151, 1154, 35 L.Ed.2d 528 (1973), where such a technical definition is not supported by the purpose of the statute or its other provisions, we should give the words of a statute a meaning consistent with Congresses' intent. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 201, 94 S.Ct. 2223, 2231, 41 L.Ed.2d 1 (1974). In light of the remedial purpose of Chapter 13 and the other provisions of the code, we believe that § 362(d) was intended to apply to plans of rehabilitation.

■ The Bankruptcy Court's narrow definition of "reorganization" limited its inquiry into the plaintiff's burden of proof. The court considered only such proof as is relevant to Chapter 11 cases. The "necessary to an effective reorganization" standard should take on an entirely different meaning given the rehabilitative purpose of Chapter 13. A stay against foreclosure on residential property might be lifted where the debtor's present assets or prospects and the plan would not suffer materially. In most circumstances, however, and especially in light of current mortgage rates and housing costs, such a stay should ordinarily continue in support of the plan of rehabilitation.

■ We conclude that the Bankruptcy Court erred in failing to apply section 362(d)(2) to this Chapter 13 proceeding. Nonetheless, the court's findings of fact provide a firm basis on which to uphold the judgment denying DFC relief from the automatic stay. The court found that the debtors' failure to make the required mortgage payments after May 1, 1979 was due to Mrs. Garner's illness and Mr. Garner's loss of employment. By the time DFC's motion was made, the debtors were both employed. Additionally, the debtors' two children were employed and would contribute to the plan of rehabilitation. The court also found as a matter of fact that the debtors' "main objective in this Chapter 13 case is to save their home". It is undoubtedly "necessary to an effective reorganization" to maintain the stay and prevent foreclosure where the main objective of the proceeding is to save the home, "at least until the confirmation hearing, at which time it will be determined whether or not [the debtors'] financial position and their budgeted expenses will justify a confirmation."

DFC's motion is denied and the appeal is dismissed.

SO ORDERED.