**In the Matter of Jerry Dean WILLEY, Debtor.**

**CITICORP HOMEOWNERS, INC., a Michigan Corporation f/k/a Advance Mortgage Corporation, Plaintiff,**

v.

**Jerry Dean WILLEY, Defendant.**

**Bankruptcy No. 81–00210.
Adv. No. 81–0339.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Oct. 29, 1982.

Darryl J. Chimko, Shermeta, Chimko, Hocking, Kovac & Tardie, Rochester, Mich., for plaintiff.

George R. Darrah, Flint, Mich., for defendant.

## MEMORANDUM OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

### Statement of Facts

The debtor/wage earner, hereinafter debtor, filed his petition, plan and schedules under 11 U.S.C. Chapter 13 on February 25, 1981. Following due notice to all creditors and parties in interest the meeting of creditors was held on April 3, 1981, pursuant to 11 U.S.C. § 341. Debtor's schedule of secured debts listed creditor/plaintiff in the present adversary proceeding, Citicorp Homeowners, Inc., hereinafter creditor, and noted that the creditor held a purchase money security interest in a mobile home owned by the debtor.

However, creditor failed to file proof of its secured claim before the conclusion of the meeting of creditors as required by Rule of Bankruptcy Procedure 13–302(e)(1).

Creditor filed a petition for leave to file late proof of claim and to be included in the plan as a secured creditor on August 6, 1981. At the first hearing on creditor's motion this Court adjourned the matter to August 26, 1981, the date of the confirmation hearing, in order to allow taking of testimony from a witness to be presented by the creditor.

At the confirmation hearing the creditor's petition was denied and the plan was confirmed providing for payment of creditor's claim as unsecured debt in the amount of $66,578.44. The plan provided for a 100% payment on all allowed unsecured claims over the 60 month life of the plan. The order confirming the plan was entered on September 4, 1981.

Creditor then filed a complaint to lift the 11 U.S.C. § 362 Automatic Stay on November 24, 1981, in order to allow it to pursue

available remedies for lien enforcement under the laws of the State of Michigan. The complaint alleged *inter alia* a lack of adequate protection, that the debtor had no equity in the mobile home and that the mobile home was unnecessary to effectuate the reorganization of the debtor.

Debtor filed his answer on December 9, 1981, admitting his lack of equity in the collateral and creditor's lack of adequate protection, but denying that the mobile home was unnecessary to his successful reorganization.

The plaintiff in the present action does not contest that it was properly denied secured status when it failed to file a proof of claim by the close of the meeting of creditors. Rule of Bankruptcy Procedure 13–302(e)(1). The amount of the claim, $66,578.44, is likewise not subject to dispute.

Briefs were submitted by both parties and a trial was had on April 13, 1982.

Conclusions of Law and Discussion

I

The initial issue raised by the creditor is whether the lien of a secured party, who fails to file a proper and timely proof of claim as required by Rule 13–302(e)(1), but whose claim is provided for as unsecured in the debtor's plan, survives confirmation of the plan and the subsequent discharge of the debtor.

The substantive in rem rights of a secured creditor are not affected by Rule 13–302(e)(1) because the rule is intended to be purely procedural in nature. Since the parties do not raise the much discussed issue of the continued applicability of the time limits prescribed by Rule 13–302(e)(1) under the Code, it will suffice to indicate that this court, along with a majority of other courts ruling on the question, has supported the continued applicability of the rule under the Bankruptcy Code of 1978. *Matter of Louie,* 10 B.R. 928, 7 B.C.D. 678 (Bkrtcy.E.D.Mich.1981). See further *In re Hines,* 20 B.R. 44, Bankr.L.Rep. (CCH) ¶ 68,760 (Bkrtcy.S.D.Ohio 1982) for a comprehensive list of decisions on this issue.

The reasoning behind the conclusion that disallowance of the secured creditor's claim by virtue of Rule 13–302(e)(1) does not operate to extinguish the lien held by the creditor is seen in the well-reasoned opinion of Judge Anderson in *In re Hines, id* at 48 and 49:

> To be specific, Bankruptcy Rule 13–302(e)(1) should not be interpreted to invalidate liens, but merely as it establishes the procedure for the efficient administration of the proceedings by permitting the treatment of secured creditors who do not file or who file late as unsecured only for purposes of distribution under an 11 U.S.C. Chapter 13 plan.
>
> \*    \*    \*    \*    \*    \*
>
> The Court is also of the opinion that secured creditors who are treated as unsecured under Bankruptcy Rule 13–302(e)(1) possess the enforceable right to payment in accordance with the plan provisions for unsecured creditors. In addition, if the plan does not provide for payment to the creditor in an amount equal to the creditor's security, then the lien should survive the Chapter 13 discharge and is enforceable as permitted in 11 U.S.C. §§ 362(c) and (d), and 1328(c).

See also: *Matter of Bell,* 8 B.R. 549, 7 B.C.D. 219, 4 C.B.C.2d 285 (Bkrtcy.E.D. Mich.1981); *In re Weathers,* 15 B.R. 945, 8 B.C.D. 524, 5 C.B.C.2d 935 (Bkrtcy.Kan. 1981); *In re Sillani,* 9 B.R. 188, 3 C.B.C.2d 883 (Bkrtcy.Fla.1981); *In re Williams,* 7 B.R. 234, 3 C.B.C.2d 409 (Bkrtcy.M.D.Ga. 1980); *Matter of Beckerle,* 7 B.R. 272, 5 B.C.D. 1232 (S.D.N.Y.1979); *In re Grimes,* 6 B.R. 943, 7 B.C.D. 576, 3 C.B.C.2d 332 (Bkrtcy.Kan.1980); *In re Sam's,* 16 B.R. 47 (Bkrtcy.N.D.Ohio 1981); *In re Honaker,* 4 B.R. 415, 6 B.C.D. 474, 2 C.B.C.2d 208 (Bkrtcy.E.D.Mich.1980).

■ The creditor in this matter contends that the lien should survive bankruptcy, but cites authority dealing only with the validity of a lien during the life of the plan. This court is in full agreement with the proposition that during the course of the plan a secured creditor retains a lien against its collateral even where its claim is treated as unsecured.

It does not follow from the foregoing conclusion, however, that the lien would survive the discharge of the debtor where the creditor's claim has been satisifed to the extent of 100% through payments and distributions under the plan. Where a debt qualifies to be discharged under the provisions of Chapter 13, and such a discharge is granted, there no longer exists any debt to support the existence of the lien.

■ In the present case, the confirmed Chapter 13 plan provides for treatment of the debt owed to Citicorp as unsecured, and calls for a 100% payment of the allowed claim.[1] This amount is clearly in excess of the value of the creditors security. If, at the end of the 60 month life of the plan, the debtor has made all payments as provided for in the plan, debtor is entitled to receive a full-compliance discharge as provided for in § 1328(a). Certainly where a debt is discharged its underlying lien must also be terminated.

The immediate state of affairs should not be confused with one in which the debtor's plan has a special provision for curing the default on a long-term debt and maintaining payments under the plan on a claim on which the last contract payment becomes due after the final payment required under the plan. In this hypothetical case it would be inequitable to provide for the payment of long-term debts extending beyond the life of the plan and still grant a discharge and extinguish the lien upon completion of payments under the plan; the lien should remain in place until the long-term obligation is satisfied. 11 U.S.C. § 1328(a)(1) specifically excepts such debts from a full compliance discharge.

However, these are not the facts presented to the court, and no authority can be found to support the notion of post-discharge lien survivability where the claim has been paid in full according to the Chapter 13 plan.

■ Since payments under the plan have not yet been completed, this court holds that the lien of the secured creditor remains in place, pending successful completion of the plan and subject to the further limitations set forth in the remainder of this opinion.

■ Although the creditor's claim was initially allowed and provided for in the plan as unsecured debt in the amount of $66,578.44, we now determine that it was error to allow the claim in this amount, and hereby reduce the amount of the allowed unsecured claim to $34,071.71. This amount represents the principal amount contained in creditor's proof of claim, but does not include interest included in the claim which represents prepaid interest, or interest accrued based upon acceleration of the debt due to default. The amount allowed of $34,071.71 will, of course, be further amended if the creditor is able to show that it fails to take into consideration interest which may have accrued prior to the date debtor's petition was filed.

Because Citicorp's claim is deemed unsecured for purposes of distribution, there shall also be no interest awarded on the principal amount owing at the time of filing. The creditor's failure to comply with the filing requirements of rule 13-302(e)(1) deprives the creditor of interest remaining on the principal balance of the debt; this is a penalty for failure to comply just as the law extinguishes contract interest on usurious contracts.

■ Reconsideration of this claim is authorized by 11 U.S.C. § 502(j), and the elementary power of a court to reconsider its own orders, as it was clearly error to allow creditor's unsecured claim in the amount of $66,578.44. *Castaner v. Mora*, 234 F.2d 710 (1st Cir.1956); *In re Pottasch Bros. Co., Inc.*, 79 F.2d 613 (2nd Cir.1935); *In re De Ran*, 260 F. 732 (6th Cir.1919); *Matter of Minskoff-Dorman Co.*, 444 F.2d 516 (9th Cir.1971).

---

1. The allowed claim in this matter includes precomputed interest over the life of the con- tract.

### III

The final issue presented is whether plaintiff is entitled to relief from the 11 U.S.C. § 362 stay in order to enforce its lien against property of the estate.

█ It must be initially noted that the automatic stay imposed upon the filing of the petition by debtor remains in force for the term of the 11 U.S.C. Chapter 13 plan. 11 U.S.C. § 362(c) provides:

Except as provided in subsections (d), (e), and (f) of this section—

(1) The stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) The stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under Chapter 9, 11, or 13 of this title, the time discharge is granted or denied.

By virtue of 11 U.S.C. § 1327(b), confirmation of the Chapter 13 plan revests the property of the estate in the debtor. In this respect § 362(c)(1) would not bar lifting the stay, however since discharge of debts under Chapter 13 normally takes place following completion by the debtor of all payments under the plan (11 U.S.C. § 1328(a)), § 362(c)(2)(C) continues the stay until completion of the plan.

Good sense and the intent of Chapter 13 dictate that the debtor should be protected by the stay during the full course of the rehabilitation process. *Matter of Lewis,* 8 B.R. 132, 7 B.C.D. 105 (Bkrtcy.Idaho 1981); *Matter of Brock,* 6 B.R. 105, 6 B.C.D. 1065, 2 C.B.C.2d 1305 (Bkrtcy.N.D.Ill.1980); *In re Garner,* 18 B.R. 369 8 B.C.D. 1115 (S.D.N.Y. 1982). This is especially true where, as here, the subject matter of the action serves as the debtor's residence and the debtor provides for payment on the home in his plan. The debtor should be afforded every opportunity within the provisions of the Bankruptcy Code to retain this most important asset, his home, so long as the creditor's interest in receiving payment is not unduly prejudiced.

Congress has also provided for actions which a creditor may take to protect its interest in the collateral and its right to payment, and has set forth explicit conditions which entitle the creditor to obtain relief from the automatic stay. In the present matter the creditor failed to properly exercise its right to be treated as a secured creditor in the debtor's plan, and now requests this court to grant relief from the automatic stay allowing it to take action directly against its collateral.

█ The purpose of the automatic stay is to give the insolvent debtor opportunity to take stock and formulate plans for repayment and reorganization with protection from chaotic and uncontrolled scramble for debtor's assets. *In re Frigitemp Corp.,* 8 B.R. 284 (S.D.N.Y.1981).

11 U.S.C. § 362(d) governs actions for relief from the automatic stay. I turn first to § 362(d)(2), which states in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by termination, annulling, modifying or conditioning such stay—

\* \* \* \* \* \*

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have equity in such property; and

(B) if the property is not necessary to an effective reorganization.

There has been some dispute in the case law interpreting the applicability of § 362(d) to Chapter 13 proceedings. It has been held that § 362(d)(2) is applicable only to proceedings under Chapter 11 of the Bankruptcy Code. *Matter of Feimster,* 3 B.R. 11, 6 B.C.D. 131 (N.D.Ga.1979). In reaching its conclusion the court in *Feimster* reasoned as follows:

The critical term "reorganization" appearing in subsection (B) of 362(d)(2), is a term no-where else appearing in the Bankruptcy Code except in Chapter 11.

\* \* \* \* \* \*

The absence of the use of the term "reorganization" anywhere except in Chapter 11 leads this court to the conclusion that its use in § 362(d)(2)(B) makes § 362(d)(2) applicable only to Chapter 11 Reorganization cases; and not applicable to Chapter 13 cases. The Chapter 13 automatic stay may not be terminated under § 362(d)(2)(B). *Id.* at 14.

However, it is the opinion of this court that 11 U.S.C. 362(d)(2) is applicable to Chapter 13 cases. *Matter of Brock, supra; In re Pittman,* 8 B.R. 299, 4 C.B.C.2d 879 (D.C.Colo.1981); *In re Stewart,* 11 B.R. 93 (N.C.N.D.Ga.1981); *In re Rodebaugh,* 12 B.R. 81 (Bkrtcy.Maine 1981); *In re Ruark,* 7 B.R. 46, 7 B.C.D. 59 (Bkrtcy.Conn.1980); *In re Crouse,* 9 B.R. 400, 7 B.C.D. 454 (Bkrtcy. S.D.Tex.1981); *Matter of Zellmer,* 6 B.R. 497, 3 C.B.C.2d 42 (Bkrtcy.N.D.Ill.1980); *In re Garner,* 18 B.R. 369, 8 B.C.D. 1115 (S.D. N.Y.1982).

Debtor, by way of his answer, admits he has no equity in the mobile home. However, a finding of no equity in the property is insufficient, standing alone, to allow the court to grant relief from the automatic stay—the property must also be unnecessary to an effective reorganization.

In clarifying the standard for determining whether property is necessary to the debtor in a Chapter 13 case, the Court *In re Pittman, supra,* at 302 held:

> There is no touchstone for determining what property may be necessary for performing a Chapter 13 plan. That is a mixed question of fact and law which must be decided by the bankruptcy judge
> . . . .

Significantly, in the experience of this court, a high proportion of Chapter 13 debtors with residential mortgage obligations are behind in their payments or facing foreclosure at the time of filing. The home will often be the single most important asset of a Chapter 13 debtor and saving that property may be the primary reason why the debtor proposes, and seeks to successfully perform the conditions embodied in the plan.

The plaintiff in this action also argues a lack of adequate protection as justification warranting relief from the automatic stay. 11 U.S.C. § 362(d)(1). Section 362 does not set forth any time parameters within which the creditor's right to request relief from stay must be exercised. In the present case, the creditor brought its action for relief from stay after the debtor's plan had been confirmed by the court.

In determining whether to confirm a proposed plan, the court must make certain findings as required by 11 U.S.C. § 1325. Because the creditor in this case failed to file its proof of secured status in a timely fashion, its claim is relegated to unsecured status by virtue of Rule 13–302(e)(1). See above. The relevant subsections dealing with confirmation requirements in relation to unsecured claims are § 1325(a)(4) and (6):

> (a) The court shall confirm a plan if—
>
> \* \* \* \* \* \*
>
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date;
>
> \* \* \* \* \* \*
>
> (6) the debtor will be able to make all payments under the plan and to comply with the plan.

At the hearing on confirmation of debtor's plan, this court found that the foregoing requirements were complied with as to each unsecured claim provided for in the plan.

Confirmation of the plan has the following effect, as stated in 11 U.S.C. § 1327:

> (a) The provisions of a confirmed plan *bind the debtor and each creditor,* whether or not the claim of such creditor is

provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the *confirmation of a plan vests all of the property of the estate in the debtor.*

(c) Except as otherwise provided in the plan or in the order confirming the plan, the *property vesting in the debtor* under subsection (b) of this section *is free and clear of any claim or interest of any creditor provided for by the plan.* (Emphasis Added)

The conclusion to be drawn from § 1327 as it relates to issues surrounding relief from the automatic stay was aptly stated by Judge Young in the *Matter of Lewis, supra,* 8 B.R. at 137:

(4) Thus, by operation of this section it is clear that a creditor cannot thereafter assert any other interest than that provided for him in the confirmed plan and that all of the issues of adequate protection, lack of equity, the fact that the property is not necessary for effective reorganization of debtor's affairs, etc., could and should have been raised in objections to confirmation. See 5 Collier on Bankruptcy (15th Ed.) 1325.01

\* \* \* \* \* \*

The only possible legitimate causes of action for relief from the stay after confirmation would relate to matters occurring after confirmation such as failure to receive periodic payments provided for in the plan or that debtor was willfully committing waste or failing to insure, etc.

Thus, because the issues relevant to relief from the automatic stay have once been ruled upon by the court in its order confirming the debtor's plan, and because the creditor failed to file an appeal from that order within the 10-day period set forth in Rule of Bankruptcy Procedure 802(a), the order confirming plan would be res judicata with respect to the issues of adequate protection, lack of equity, and whether the

property in question is necessary to the successful rehabilitation of this Chapter 13 debtor.

This court therefore holds that the creditor in this cause of action has not only failed to make a sufficient showing that he is entitled to relief from the automatic stay under §§ 362(d)(1) and (2), but has also failed to bring this action in a timely fashion—prior to confirmation of the debtor's plan.[2]

IT IS ORDERED that Citicorp's unsecured claim shall be allowed in the amount of $34,071.71, representing the outstanding principal balance remaining on the date of filing. All interest shall be disallowed except such prepetition interest accrued as of the date debtor's petition was filed which was not prepaid interest or interest owing due to an acceleration of the obligation. Citicorp shall have 10-days from the entry of this order in which to submit documentation of any prepetition interest it wishes to claim, consistent with this order.

IT IS FURTHER ORDERED that the lien of Citicorp shall remain in effect until such time as the debtor completes payments under his plan or is otherwise discharged from his obligation, and that Citicorp's request for a termination of the automatic stay is hereby denied.

An Order shall issue in conformance with this opinion.

---

**2.** Even though the merits of lack of equity and whether the property was necessary to an effective reorganization were previously dis-cussed, these objections have also been untimely raised. *See In re Evans,* CCH Bankr.Rep. ¶ 68,807 (Bankr.S.D.Cal.1982).