**In re RICHARDS, Leonard and Carolyn, Bankrupt.**

**Joel STEWART, Plaintiff,**

**v.**

**Dr. L. W. RICHARDS, Defendant.**

**Bankruptcy No. B–79–00399.**

United States Bankruptcy Court, M. D. North Carolina.

Jan. 14, 1980.

Brian Spears, Hirsch Friedman, P. C., Atlanta, Ga., Charles O. Peed, Stephens, Peed & Brown, Winston-Salem, N. C., for plaintiff.

T. Paul Hendrick, Whiting, Horton & Hendrick, Winston-Salem, N. C., for defendant.

### MEMORANDUM ORDER

JAMES B. WOLFE, Jr., Bankruptcy Judge.

This action is presently before the Court on the motion of the defendant bankrupt, Dr. L. W. Richards, to dismiss the above-referenced adversary proceeding pursuant to Rule 712(b), Rules of Bankruptcy Procedure, on the grounds that the plaintiff did not commence the adversary proceeding in apt time and plaintiff's motion for leave to amend his complaint to add local counsel

and to amend the complaint to seek revocation of the discharge granted the bankrupt. Oral arguments were made before the Court on December 18, 1979. There is no disagreement as to any of the material facts. After consideration of the facts, exhibits, briefs of counsel, and the entire record in this case, it is concluded that the defendant bankrupt's motion to dismiss should be granted. Therefore, a judgment will be entered for the defendant.

Based on the record, the Court makes the following findings of fact.

### Findings of Fact

1. The defendant and his wife filed a petition in this Court commencing a case under Chapter VII of the Bankruptcy Act on February 28, 1979.

2. Schedule A–3 attached to the petition filed by the defendant and his wife lists the plaintiff, Joel Stewart, as a creditor with a claim of $27,000 against the bankrupts' estate. The name and address of an attorney representing Mr. Stewart is also listed on the Schedule. The Statement of Affairs For A Bankrupt Not Engaged In Business discloses the pendency of a lawsuit commenced in the Northern District of Georgia against the defendant, L. W. Richards, and others.

3. On March 13, 1979, this Court entered an Order fixing May 3, 1979, as the last day for the filing of objections to the discharge of the bankrupt and as the last day for filing of a complaint to determine the dischargeability of any debt as required by Section 17c(2) of the Bankruptcy Act and Rule 409(a)(2), Rules of Bankruptcy Procedure. Notice of such Order was mailed to all creditors, including the plaintiff herein. The plaintiff received the notice on March 15, 1979.

4. On April 19, 1979, counsel for Joel Stewart in Atlanta, Georgia mailed a complaint objecting to and/or revoking a stay of proceedings in the civil action in the Northern District of Georgia against the bankrupt defendant. The complaint was received by the office of the Bankruptcy Court in Greensboro, North Carolina on April 23, 1979.

5. Noting Rule 2(d), Local Rules of the Middle District of North Carolina,[1] a Clerk of this Court informed counsel for Joel Stewart in Atlanta, Georgia, that said Rules required that local counsel be retained to represent the plaintiff at the bar in this Court.

6. Although this notification occurred before May 3, 1979, local counsel did not appear for Joel Stewart in this action until October 1, 1979.

7. This Court granted the bankrupt defendant a discharge on May 8, 1979.

8. Immediately after the plaintiff arranged for representation by local counsel to make an appearance in this adversary proceeding, the Chief Clerk of the Bankruptcy Court issued a Summons and Notice of Pre-Trial Conference on October 1, 1979.

9. The defendant first reviewed notice of this adversary proceeding on October 15, 1979 by certified mail of the

---

1. Local Rule 2(d) states:

   *Litigants Must Be Represented by Member of the Bar of This Court; Special Admissions.* (1) Every *litigant* in civil and criminal actions and parties *in bankruptcy proceedings*, except governmental agencies and parties appearing *pro se, must be represented by at least one member of the bar of this court*, who shall state his name, office address and telephone number on each pleading. The service of all pleadings and notices permitted by the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure shall be sufficient if served upon such attorney.

   (2) Any person who is a member in good standing of the bar of the Supreme Court of the United States, or the bar of the highest court of any state in the United States, or the District of Columbia, shall be permitted to appear in a particular case in association with a member of the bar of this court.

   (3) *All pleadings presented to the clerk for filing, except by attorneys representing governmental agencies or parties appearing pro se, shall be rejected unless signed by at least one attorney who is a member of the bar of this court.* (Emphasis added)

Summons and Complaint sent to the defendant by local counsel for the plaintiff.

*Conclusions of Law and Discussion*

Based on the foregoing Findings of Fact the Court makes the following Conclusions of Law:

1. The plaintiff was a scheduled creditor of the defendant bankrupt and received adequate notice of the date (May 3, 1979), fixed by the Court pursuant to Section 17c(2) of the Bankruptcy Act for filing of objection to discharge and for the filing of complaint to determine the dischargeability of certain debts of the bankrupt.

2. Prior to May 3, 1979, counsel for the plaintiff was informed by the Clerk of the Court of the requirement that local counsel be associated in order to commence an adversary proceeding in Bankruptcy Court in the Middle District of North Carolina.

3. The plaintiff failed to retain the services of local counsel until several months after the expiration of date fixed for filing a complaint to determine the dischargeability of the debts of the bankrupt and the bankrupt was discharged without objection on May 8, 1979.

4. The plaintiff has offered no excuse recognizable in law or equity as to the delay in properly filing his complaint with this Court after receiving the notice and advice given to him by this Court pursuant to the requirements of Section 17c(2), Bankruptcy Act.

5. It is therefore concluded that the plaintiff's action is not timely filed and the defendant's motion to dismiss should be granted.

Section 17c(2) of the Bankruptcy Act states:

(2) A creditor who contends that his debt is not discharged under clause (2), (4), or (8) of subdivision (a) of this section must file an application for a determination of dischargeability within the time fixed by the court pursuant to paragraph (1) of subdivision (b) of section 14 of this Act and, *unless an application is timely filed*, the debt *shall* be discharged. Notwithstanding the preceding sentence no application need be filed for a debt excepted by clause (8) if a right to trial by jury exists and any party to a pending action on such debt has timely demanded a trial by jury or if either the bankrupt or a creditor submits a signed statement of an intention to do so. (Emphasis added)

11 U.S.C. § 35c(2). The language contained in the statute is unequivocal and requires the Bankruptcy Court to grant discharge to a bankrupt unless the creditor takes steps to timely file a complaint alleging that his debt is not discharged. If the complaint is not timely filed, the statute does not allow for discretion as to whether the discharge is to be granted by the Court. The timeliness of filing is governed by Rule 409(2), Rules of Bankruptcy Procedure, which states:

The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

There is no question concerning the proper notification of the plaintiff of the appropriate time periods within which he had to file any complaint objecting to the discharge order. Furthermore, the record in this case affirmatively discloses that the plaintiff was informed of the requirements

of the Local Rules of the United States District Court regarding the proper procedure for representation by a member of the local bar before the expiration of the time to file objection. No extension of time to file was received by the plaintiff and no appearance of local counsel was made on plaintiff's behalf until approximately five months had elapsed after the bankrupt had been granted a discharge.

The plaintiff argues that since a complaint was received by the Office of the Bankruptcy Judge in the end of April, 1979, that this is merely a case of failure of counsel to sign a pleading. There is no evidence to support such a contention inasmuch as the plaintiff knew of the requirements to perfect the filing of his complaint *before* the expiration of the filing period and nonetheless failed to act to secure his right to object to discharge of the debt. Very properly, the clerk of this Court informed the plaintiff of the failure to comply with Local Rule 2(d) and the fact that the pleading would be rejected until there was compliance with the rule. Forewarned, the plaintiff slept on his right to secure local counsel or at least to address a request to the Court for an extension of time to file his pleading.

While the Court refuses to advance a rule that would always foreclose suit by a creditor against a bankrupt to deny discharge as to a certain debt based on the failure of a non-resident creditor or his counsel to be aware of a local court rule requiring association of local counsel in order to *file* a pleading, the Court finds no reason or excusable neglect for the failure to comply in this case. See generally, 1A Collier on Bankruptcy, Section 17.28A, pages 1742–1743.

Therefore, the motion of the defendant to dismiss is granted and Judgment will be entered dismissing this cause of action.