**In re William G. SAMS, Debtor.**

**HOUSEHOLD RETAIL SERVICES, INC.,**
**a/k/a Household Finance Corp. # 1,**
**Plaintiff,**

**v.**

**William G. SAMS, Defendant.**

Bankruptcy No. 81–0128.
Related Case: 80–00240.

United States Bankruptcy Court,
N. D. Ohio, W. D.

Nov. 12, 1981.

**48**

Joseph P. Sheehy, Toledo, Ohio, for plaintiff.

Charles T. McGinnis III, Teamsters Legal Defense Fund, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came to be heard upon the Complaint for damages of Household Retail Services, Inc., (Household) and Application For Removal by the Debtor of such Complaint. Both parties agreed at pre-trial to submit the issue to the Court upon the briefs submitted.

### FACTS

The Court finds the following facts:

1.) Debtor, William G. Sams, and Laura Sams were granted a Decree of Dissolution on July 30, 1979. Under the terms of the Decree, the parties divided the personal property of the marriage. Laura Sams received possession of the washer and dryer which are the items in dispute in this action.

2.) The washer and dryer were secured under a purchase money security agreement held by the Plaintiff, Household, dated June 26, 1977.

3.) The Debtor filed his Petition in Bankruptcy on February 20, 1980. Listed on Schedule A–2 is Plaintiff's claim. Listed next to the Plaintiff's name is the description of the security, namely the washer and dryer. Further stated was the following, "incurred December 1978, consumer loan agreement; property awarded to Laura Sams; Co-debtor Laura Sams".

4.) Question 12 on the Petition of Bankruptcy requests information on any and all transfers made of personal property. The Debtor's response was the following, "Decree of Divorce, Lucas County Court July 30, 1979—All household goods, 1972 Dodge Automobile, marital domicile at 5635 McLain Drive, Sylvania, Ohio".

5.) The Debtor appeared for the first meeting of creditors on March 24, 1980. Prior to this date, on March 12, 1980, the Order for meeting of creditors was mailed to all listed creditors. The notice to Plaintiff was not returned as undelivered, so it is presumed to have had notice. Further, the time for filing complaints to determine dischargeability as well as those objecting to discharge was set at June 23, 1980. The Debtor was discharged on June 30, 1980.

6.) No complaint was filed in this Court by Household within that time period or after that date.

7.) This action came before the Court upon Debtor's Petition For Removal of the case commenced in the Municipal Court of Toledo, Lucas County, Ohio, on November 17, 1980.

8.) On December 29, 1980, the Trustee abandoned from the estate the property in question.

9.) Plaintiff seeks damages for the injury suffered in the amount of the unpaid debt, Six Hundred Forty and $^{69}/_{100}$ Dollars ($640.69).

### ISSUES

The issues presently before this Court are two-fold:

1.) Is Household estopped from maintaining this action for collection of a debt discharged in bankruptcy because they did not file a complaint in this Court within the prescribed time period? And

2.) If the Plaintiff is not so estopped, can it recover damages for the Debtor's transfer of their secured collateral without their consent?

## MEMORANDUM OF LAW

█ It is the general rule that the Bankruptcy Court has the discretionary power to enlarge the time required for the filing of pleadings. However, it is also the rule that an extension may not be granted without a showing of excusable neglect. *In re Koritz*, 2 B.R. 408 (Bkrtcy.D.Mass.1979); *In re Richards*, 2 B.R. 219 (M.D.N.C.1980).

Plaintiff knew of the bankruptcy in March of 1980. From the time of notification, Plaintiff had approximately three months in which to file a complaint objecting to the Debtor's actions or requesting that their debt be excepted from discharge. Plaintiff did not avail itself of the remedies available in this Court, but filed a Complaint in the Municipal Court on November 17, 1980, approximately five months subsequent to the date of discharge.

On December 29, 1980, the Court abandoned this property from the estate. At that point in time, it is this Court's procedure upon request for relief from stay, to allow the creditor to repossess their collateral. This also was not requested.

█ The objective of both the old Bankruptcy Act and the new Code is the expeditious and economical administration of the bankruptcy estates. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); Bankruptcy Rule 903.

The Court finds that the Plaintiff had adequate opportunity to file a complaint within the time prescribed or to request an extension of time in which to file a complaint. Plaintiff failed to do either.

█ The Plaintiff contends that since it has a valid pre-bankruptcy lien resulting from a purchase-money instrument, its lien survives the Defendant's discharge and may now be enforced. The effects of discharge are set forth in Section 524 of the Bankruptcy Code which in pertinent part states the following:

"(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a *personal liability* of the debtor, or from property of the debtor, whether or not discharge of such debt is waived; . . . ." (emphasis added)

Plaintiff is correct in the statement that a discharge lifts the automatic stay provision of Section 362, however Section 524, above, indicates that a discharge operates as an injunction against any action to collect a debt as a personal liability of the debtor. The Debtor's personal liability on this debt was extinguished upon discharge.

Section 524 does not estop a secured creditor from retrieving the collateral however. This right does survive discharge.

Plaintiff cites many cases dealing with secured creditors, however in none of these cases does the creditor seek personal damages from the Debtor. If the debt was not reaffirmed under Section 524(c), the creditor then had the option to recover the collateral, not monetary damages.

The Supreme Court of Missouri addressed this issue and held that a monetary judgment could not be enforced after the debtor had been discharged in bankruptcy. The Court stated in pertinent part the following:

"Despite plaintiff's discharge in bankruptcy, defendant clearly was entitled to possession of the collateral if its lien were valid... The lien may be enforced by any appropriate proceeding not involving a judgment in personam against the bankrupt even though the claim for which the collateral stood as security has been discharged. Such a proceeding may include replevin or other possessory ac-

**50**

tion. As a general rule, the discharge serves only to protect the Bankrupt against personal liability for a 'deficiency'... Plaintiff's discharge in bankruptcy did not per se preclude defendant from 'foreclosing' its chattel mortgage by replevin." *Hupp v. Murphy Finance Co.*, 502 S.W.2d 345 (Mo.1973).

The law on this subject is not yet settled; however this Court concurs with the reasoning in the *Hupp* case. It is this Court's opinion that the proper rule is that a discharge in bankruptcy is a defense to an entry of a monetary judgment where the debtor does nothing to impede the creditor from taking possession of the collateral. If this were not the rule, secured creditors could remain silent during the pendancy of the bankruptcy, then ambush the debtor after discharge with state court suits. They would be circumventing the effect of a discharge. Thus, a discharge would not assure the debtor of rehabilitation and a fresh start as was the intention of Congress. (For further discussion of the cases on this subject, see *Hupp*, supra at 352.)

The issue must be resolved whether the Debtor's transfer of the collateral was impeding the Creditor's right of repossession. Plaintiff alleges that the transfer was in effect a "conversion of the goods to the exclusion of the plaintiff's rights and interest in the goods as secured creditor." Section 523(a)(6) of the Bankruptcy Code allows the exception from discharge of a debt whereby the debtor willfully and maliciously transferred secured collateral.

According to *Collier On Bankruptcy*, Vol. 3, Section 523.16, 15th ed. (1981), the word willful means an intentional or deliberate act which necessarily leads to injury. "[T]herefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." at 523–115. *Collier* further points out that a technical conversion may lack sufficient willfulness or maliciousness to except the liability from discharge. at 523–117. The transfer in this case was made pursuant to a court order of dissolution, so it was not done without justification or excuse. It

appears that future divorce and dissolution decrees must consider the rights of the secured parties in the final distribution of property, for they were not so considered in this case.

In conclusion, it is this Court's opinion that Plaintiff had sufficient remedies available in this Court and could have therefore requested the Court to make a determination of the dischargeability of this particular debt. Plaintiff did not wish to make use of those remedies even though all facts concerning the transfer were revealed. Furthermore, the Code does not allow a secured creditor to proceed in the collection of a debt which was discharged in bankruptcy.

In so reaching this conclusion, the Court has considered all the evidence presented whether or not referred to specifically in the opinion above.

For the foregoing reasons, it is ORDERED, ADJUDGED AND DECREED that Plaintiff shall be enjoined, pursuant to Section 524(a)(1) and (2), from pursuing his claim for monetary damages against the Debtor. It is further

ORDERED that Plaintiff's Complaint shall be, and it hereby is, dismissed.