**GRUNDY NATIONAL BANK,**
**Appellant,**

**v.**

**Kermit A. STILTNER and Goldie R. Stiltner, Appellees.**

**Civ. A. No. 84–0228–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Feb. 28, 1986.

John E. Kieffer, Bristol, Va., for appellant.

Robert T. Copeland, Abingdon, Va., for appellees.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case comes to the court on appeal from the orders of the United States Bankruptcy Court for the Western District of Virginia entered on September 13, 1984, denying Grundy National Bank's motion for relief from an automatic stay and on September 24, 1984, confirming the debtors' 11 U.S.C. Chapter 13 plan. In passing on an appeal from bankruptcy court, the district court must make an independent determination on the legal issues, but must accept the bankruptcy judge's findings of fact unless those findings are clearly erroneous. *Gilbert v. Scratch 'n Smell Inc.*, 756 F.2d 320 (4th Cir.1985). A review of the record and the relevant law under this standard leads this court to conclude that the bankruptcy court's orders denying the Bank's motion and confirming the debtors' Chapter 13 plan must be affirmed.

### I.

The debtors, Kermit and Goldie Stiltner, filed a Chapter 13 petition on April 24, 1984. At that time, their major indebtedness was to the Bank on two mortgage loans which were secured by deeds of trust on their principal residential property located in Buchanan County, Virginia. They were then delinquent on both loans, with the first loan overdue from September 1983 and the second loan from November 1983. Their Chapter 13 plan of rehabilitation proposed to make monthly mortgage payments but did not make any provision for curing arrearages. The Bank filed an objection to confirmation of the plan and a motion for relief from the stay in order to commence foreclosure under its deeds of trust.

On September 12, 1984 the bankruptcy court held a consolidated evidentiary hearing on the confirmation, objections and the motion for relief from the stay. The evidence consisted of testimony regarding the amount of the debtors' indebtedness to the Bank; their ability to make their regular monthly payments and bring current the arrearages within the period of the plan; and the fair market value of the mortgaged residence. Based on this evidence, the bankruptcy court determined in its memorandum opinion that with their current level of income the debtors could make the regular monthly payments and cure the arrearages within thirty-six months under the plan. The bankruptcy court refused, however, to consider whether the Bank had proven its case for relief from the stay under 11 U.S.C. § 362(d)(2). Orders were subsequently entered confirming the debtors' plan, which then included terms for curing arrearages, and denying the Bank's motion for relief.

### II.

The Bank seeks to have lifted the stay of any act against the debtors' property that was automatically imposed under 11 U.S.C. § 362 when the debtors filed their Chapter 13 petition. This statutory provision applies equally to petitions filed under Chapters 7, 9 and 11 of the Bankruptcy Code. By halting creditors' actions against the debtor, the stay gives the debtor an opportunity to formulate plans for repayment and reorganization or rehabilitation. Alternative means for obtaining relief from the automatic stay, however, are provided in subsections (d)(1) and (2) of § 362. Section 362(d)(2), under which the Bank seeks relief, provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by termination, annulling, modifying or conditioning such stay—

> \*    \*    \*    \*    \*    \*

(2) with respect to a stay of an act against property, if—

    (A) the debtor does not have equity in such property; and

    (B) if the property is not necessary to an effective reorganization.

Due to the use of the term "reorganization" in the above provision rather than or absent the addition of the term "rehabilitation," some courts have held that § 362(d)(2) does not apply to Chapter 13 proceedings. *See, e.g., Matter of Feimster,* 3 B.R. 11, 14 (Bkrtcy.N.D.Ga.1979) (holding § 362(d)(2) applicable only to Chapter 11 cases). But the trend is, and a clear majority of courts have held, that § 362(d)(2) is applicable to Chapter 13 cases. *See, Matter of Willey,* 24 B.R. 369 (Bkrtcy.E.D. Mich.1982). Among the reasons for such an application of this statutory provision is that § 103(a) of the Bankruptcy Code expressly applies to Chapter 3, which includes § 362, in Chapter 13 proceedings. For a good discussion of the applicability of § 362(d)(2) in Chapter 13 cases, see *In Re Garner,* 18 B.R. 369 (S.D.N.Y.1982) and *Matter of Miller,* 13 B.R. 110 (Bkrtcy.S.D. Ind.1981).

■ Since the clear weight of authority is that § 362(d)(2) is applicable in Chapter 13 cases, the court is of the opinion that the bankrutpcy court erred in not directly considering whether the Bank had proven its case for relief from the stay under the two-part test of § 362(d)(2). The bankruptcy court has nevertheless reached the correct determination in this case where the debtors' home is the primary asset sought to be saved in their Chapter 13 plan of rehabilitation. The record reveals that the Bank has met its burden of proof in showing that the debtors had no equity in their home, as required under § 362(d)(2)(A). The issue then becomes whether the subject property is necessary to an effective reorganization as required under § 362(d)(2)(B). Unlike the type of analysis that would be used when applying this standard in a Chapter 11 case where property is only used for business, in a Chapter 13 case the " 'necessary to an effective

reorganization' standard should take on an entirely different meaning given the rehabilitative purpose of Chapter 13." *In Re Garner,* 18 B.R. 369, 371 (S.D.N.Y.1982). In *In Re Garner,* as with the present appeal, the creditor appealed from a decision of the bankruptcy court denying its motion for relief under § 362(d)(2) from an automatic stay in order that it might commence foreclosure upon the debtors' residence. *Id.* at 370. There, too, the bankruptcy court failed to apply § 362(d)(2) to the Chapter 13 case, which the reviewing court found to be error. *Id.* at 371. The court nevertheless affirmed the bankruptcy court's decision where the debtors' purpose in filing a Chapter 13 petition was to save their home. As the court explained:

> It is undoubtedly 'necessary to an effective reorganization' to maintain the stay and prevent foreclosure where the main objective of the proceeding is to save the home, 'at least until the confirmation hearing,' at which time it will be determined whether or not the debtors' financial position and their budgeted expenses will justify a confirmation.

*Id.* The same construction was given to § 362(d)(2)(B) in *Matter of Willey,* 24 B.R. 369, 374 (Bkrtcy.E.D.Mich.1982), where the bankruptcy court observed that

> [A] high proportion of Chapter 13 debtors with residential mortgage obligations are behind in their payments or facing foreclosure at the time of filing. The home will often be the single most important asset of a Chapter 13 debtor and saving the property may be the primary reason why the debtor proposes, and seeks to successfully perform the conditions embodied in the plan.

■ Thus, once the bankruptcy court in the present case determined from the evidence produced at the consolidated evidentiary hearing that the debtors were financially able to meet the terms of their plan of rehabilitation to save their residence, the bankruptcy court was justified in denying the Bank's motion for relief from the automatic stay even though it did not make a specific finding under

§ 362(d)(2)(B) that the debtors' residence was "necessary to effective reorganization." [1]

■ As to the second issue the Bank has raised in this appeal, the court concludes that the bankruptcy court did not err in allowing the debtors thirty-six months to cure their mortgage arrearages since the court cannot find, after reviewing the factual basis for that decision, that the bankruptcy court's findings were clearly erroneous. Having heard evidence regarding the debtors' current income, their monthly household expenses, the amount of their regular monthly payments to the Bank, and the amount of arrearages they owed the Bank, the bankruptcy court found that the plan by which the debtors would cure the arrearages within thirty-six months was both "reasonable and feasible." Title 11 U.S.C. § 1322(b)(5) provides that a default under a Chapter 13 plan must be cured "within a reasonable time." What is a reasonable time for a particular plan is a question of fact that must be decided on a case-by-case basis by the bankruptcy court. *See In re Coleman,* 5 B.R. 812 (W.D.Ky. 1980); *In re Taddeo,* 685 F.2d 24 (2nd Cir.1982). Payments under a plan, however, may not extend over a period longer than three years, as provided by 11 U.S.C. § 1322(b)(5), absent a showing of exceptional circumstances. Since the plan approved by the bankruptcy court does not exceed this limitation, and the same court's findings as to the reasonableness of the period of cure cannot be found clearly erroneous, the order confirming the debtors' Chapter 13 plan must be upheld.

Therefore, both orders of the bankruptcy court here challenged on appeal are hereby affirmed.

The Clerk is directed to send certified copies of this Memorandum Opinion to counsel of record and to the U.S. Bankruptcy Court for the Western District of Virginia.

---

**1.** In effect, an irrebuttable presumption is created in a Chapter 13 case as to the debtor's home as necessary to effective reorganization where the debtor's primary purpose in filing the Chapter 13 petition is to save his home.

For a case where certain property of the Chapter 13 debtors was held not to be necessary to an effective reorganization under § 362(d)(2)(B), and which accords with this court's view of the provision's construction as to property other than the debtor's home, see *Matter of Miller,* 13 B.R. 110 (Bkrtcy.S.D.Ind.1981) (holding a pickup truck not necessary to effective reorganization).