In re Charles P. MASTERSON, Ruth A. Masterson, Debtors.

Bankruptcy No. 91–12580.

United States Bankruptcy Court, D. New Hampshire.

Oct. 8, 1992.

Timothy P. Smith, Manchester, N.H., for debtor.

Wayne M. Connor, Nashua, N.H., for NFS Sav. Bank.

Lawrence Sumski, Amherst, N.H., Trustee.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This matter came on for a confirmation hearing before the Court on February 28, 1992, on debtors' amended chapter 13 plan of reorganization and NFS Savings Bank's ("Bank") objection thereto. The debtors have proposed a five year chapter 13 plan which, inter alia, contemplates curing the arrearages on two defaulted mortgages executed in favor of the Bank during the first 56 months of the five year length of the plan. The Bank has objected on the basis that under the Code, 56 months is an unreasonable time in which to cure mortgage default arrearages (hereinafter "arrearages").

The issue for decision is whether such an extended cure period is *ipso facto* an unreasonable time under Code section 1322(b)(5) in which to cure arrearages. The Court rules it is not. The following constitute the Court's findings of fact and conclusions of law in accordance with Fed. R.Bankr.P. 7052.

## I. FACTS

Debtors Charles and Ruth Masterson filed their voluntary chapter 13 petition on September 4, 1991. Schedule D, "Creditors Holding Secured Claims," lists the Bank as the holder of a first and second mortgage on debtors' home. The first mortgage is in the amount of $53,000 and the second mortgage is in the amount of $59,000. Debtors have listed the fair market value of their home as approximately $160,000.

Debtors' original chapter 13 plan filed on September 4, 1991 provided, inter alia, that the debtors would make post-petition payments directly to the Bank outside the plan, and the chapter 13 trustee would pay the sum of $200 per month to the Bank to satisfy its pre-petition mortgage default arrearage claim. Under the original plan, after priority claims were paid in full, the trustee was to pay $306 per month on the arrearages until paid in full. The original chapter 13 plan also provided that upon completion of arrearage payments, a dividend was to be paid to unsecured creditors.

The Bank objected to debtors' original chapter 13 plan on the basis that the proposed payments to the Bank were insufficient to pay the arrearages with interest at the contract rate over the period of 60 months. The court held a confirmation hearing on January 30, 1992 at the conclusion of which the Court denied without

prejudice confirmation of the debtors' original chapter 13 plan. The Court also instructed the debtor to file a revised plan.

The debtor filed an amended chapter 13 plan on February 7, 1992. The amended chapter 13 plan provided the debtor would pay the Bank $200 per month for the first 24 months and then $330 for the next 32 months in satisfaction of its pre-petition arrearage claim. Like the original plan, upon full payment to the Bank of its arrearages claim, a dividend is to be paid to the unsecured creditors from certain surpluses during the first 56 months plus the full amounts of the remaining 4 months of payments. The unsecured creditors would receive a dividend of approximately 59 percent under the plan. The Bank objected to confirmation of the amended plan. The objection was that under 11 U.S.C. § 1322(b)(5), the proposed cure period was still an unreasonable time to cure the arrearages.

The Court conducted a confirmation hearing on the debtors' amended plan of reorganization on February 28, 1992. After hearing all parties present, the Court found from the bench that debtors' amended plan of reorganization was feasible. 11 U.S.C. § 1325(a)(6). At the hearing the Court also ruled the debtor had established cause for a five year plan. 11 U.S.C. § 1322(c).

The only further issue for decision is whether the Bank is correct as a matter of law that the 56 months under the amended plan was "an unreasonable amount of time to cure the mortgage arrearages in default and owed to NFS under 11 U.S.C. § 1322(b)(5)."

## II. APPLICABLE LAW

*§ 1322. Contents of plan.*

(b) Subject to subsections (a) and (c) of this section, the plan may—

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

(c) The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

## III. DISCUSSION

■ The case law on this discrete issue reflects a judicial rule that what is a reasonable time under section 1322(b)(5) is a question of fact that must be decided by the Bankruptcy Court on a case by case basis. *Grundy National Bank v. Stiltner*, 58 B.R. 593 (W.D.Va.1986).

Determination of whether 56 months is a "reasonable" time under section 1322(b)(5) in which to cure arrearages is in turn informed by the related question of what cause the debtor has shown pursuant to section 1322(c) to extend the "normal" three year chapter 13 plan period to five years.[1]

■ The Code contains no definition of the kind of "cause" that a debtor must show to extend a plan's life from three to five years. I am inclined to adopt Judge Fox's rationale expressed in the case of *In re Fries*, 68 B.R. 676 (Bankr.E.D.Pa.1986), that sufficient cause under section 1322(c) is shown by the debtor's inability to cure arrearages in any shorter time. *Id.* at 679. Cause is also demonstrated by such other factors as whether the debtor has proposed a feasible plan, whether the debtor is contributing all disposable income to the plan effort, and whether the plan proposes a dividend to unsecured creditors.

The facts of this case satisfy all criteria outlined above. The debtors have demonstrated that they cannot meet all their plan obligations in a period shorter than five years. The court has already found the

---

**1.** The Court uses the adjective "normal" to describe chapter 13 plans of three years due to the statutory language of section 1322(c) which con- templates three years plans that may be extended to a maximum of five years for cause shown.

plan to be feasible. The debtors are contributing all available disposable income. In addition, the plan also holds out the hope that the dividend to the allowed claims of unsecured creditors will be increased by extending the length of the plan to five years.

The Bank relies on *Grundy National Bank v. Stiltner*, 58 B.R. 593 (W.D.Va. 1986). The Bank finds succor in that case because the district court affirmed confirmation of a plan that allowed mortgage arrearages to be cured over thirty-six months. But *Stiltner* is a two-edged sword: *Stiltner* established that "[w]hat is a reasonable time for a particular plan is a question of fact that must be decided on a case by case basis by the Bankruptcy Court." *Stiltner*, 58 B.R. at 596 (citations omitted). Further, *Stiltner* is distinguishable on its result in that the debtors in that case never established cause under 1322(c) to extend the plan payment period beyond the normal three year period. More to the point is the decision in *In re Harmon*, 72 B.R. 458, 462 (Bank.E.D.Pa.1987), holding over the objection of the secured creditor that arrearages on the mortgage in question could be cured over the five year period under § 1322(c) of the Bankruptcy Code.

It should be noted that § 1322(b)(5) does not use any words such as prompt, immediately, or as soon as possible, indicating a congressional intent that a much shorter period of time was envisioned. When Congress in other chapters of the Bankruptcy Code wished to indicate a "prompt" cure period it knew how to do so explicitly.[2]

## CONCLUSION

Based on the foregoing, the Court concludes that the pending plan provides for the cure of the arrearages owing the objecting secured creditor Bank within a reasonable time pursuant to § 1322(b)(5) of the Bankruptcy Code. The chapter 13 trustee shall submit an appropriate order

confirming the amended plan of reorganization within ten days of the entry of this opinion. The order confirming the amended chapter 13 plan of reorganization should include a reference to this Memorandum Opinion as determining the referenced pending issue. No appeal time will commence until entry of the confirming order.

---

**2.** *Cf.* Bankruptcy Code, Chapter 11, § 365(b)(1)(A), "Executory contracts and unexpired leases,"

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease

unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will *promptly* cure, such default.

(emphasis added).