### In re Charles F. NORRIS, Jr. and Terri L. Norris, Debtors.

### Bankruptcy No. 93–1731–BKC–3P3.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 1, 1994.

Lansing Roy, Jacksonville, FL, for debtors.

Mamie Davis, Jacksonville, FL, Chapter 13 Trustee.

Lance Cohen, Jacksonville, FL, for Vector.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court for confirmation of debtors' chapter 13 plan. At the hearing held January 4, 1994, the standing chapter 13 trustee and an unsecured creditor, Vector Industries LP, Ltd., ("Vector") objected to confirmation. Upon the evidence presented, the Court enters these findings of fact and conclusions of law:

### Findings of Fact

Debtors filed for chapter 13 protection on April 14, 1993. They filed a second amended chapter 13 plan on September 28, 1993.

Debtors' schedules show $845.86 per month available to fund the plan after paying monthly living expenses. Debtors propose to make plan payments of $835.79 for 36 months and payments of $740.05 for months 37 through 60. Debtors propose to pay priority and secured claims over the life of the plan while paying unsecured claims for only the first 36 months of the plan.

Debtors testified that the extension of plan payments from 36 months to 60 months is necessitated by the large priority claim of the Internal Revenue Service ("IRS") which debtors are unable to pay in full within 36 months.

At the confirmation hearing, the Court found that the plan as proposed was not confirmable. Debtors then orally amended their plan to provide payments of $835.79 for the entire 60 months of the plan. These findings of fact and conclusions of law supplement those made in open Court.

### Conclusions of Law

To confirm a chapter 13 plan, the Court must find that the proposed plan complies with § 1322 and § 1325 of the code. Upon objection of the trustee or an unsecured creditor, § 1325(b)(1) requires debtors either propose 100 percent payment to unsecured creditors or commit all of their disposable income to the plan. 11 U.S.C. § 1325(b)(1). Disposable income is defined in § 1325(2) which states in relevant part:

(2) disposable income means income which is received by the debtor and which is not reasonably necessary to be expended

(A) for maintenance or support of the debtor or a dependent of debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation and operation of such business

11 U.S.C. § 1325(2).

■ The Trustee and Vector object to confirmation of debtors' proposed plan because debtors are not committing all their disposable income to fund the proposed plan for the last two years of the plan.

Debtors argue that § 1325(b)(1)(B) only requires debtors to commit all their disposable income to the plan for three years and that requiring debtors to commit all their disposable income to fund the plan for the extended payment period imposes an additional requirement on debtors. Debtors argue further, that because § 1325(b)(1)(B) makes specific reference to applying all disposable income for three years, Congress intends to give chapter 13 debtors a reprieve after the first three years of a five-year plan and does not intend that debtors be required to fund the plan with all available disposable income for the entire 60 months of an extended plan.

The Court does not agree. The usual chapter 13 plan is 36 months and may not, in any case, continue for more than 60 months. 11 U.S.C. 1322(c). The code allows the Court to extend the plan period up to 60 months for cause shown. *Id.* Cause is not defined by the code, but courts have held that extending the plan to pay priority claims which debtors could not pay within 36 months constitutes sufficient cause to allow extension of the plan payment period. *In re Fries,* 68 B.R. 676 (Bankr.E.D.Pa.1986); *In re Masterson,* 147 B.R. 295 (Bankr.D.N.H. 1992).

■ This Court agrees with the *Fries* court that extension of the time for payment under a chapter 13 plan to pay priority and secured claims where debtors are unable to do so within 36 months and are applying all available disposable income to the plan constitutes cause under § 1322(c). However, this case differs from *Fries* in an important respect. In that case, debtors proposed a five-year plan utilizing all their disposable income while projecting full payment of priority and secured claims in forty-nine months. Here debtors propose to decrease their plan payments to unsecured creditors while paying only their priority and secured debts over the additional 24 months of the plan. The question that arises is whether debtors, whose income is not expected to decease over the life of the plan, must continue to commit all of their disposable income to fund the plan for the additional two years of the plan while paying their priority and secured creditors over the life of the plan. The Court replies in the affirmative.

■ Sections 1322(c) allows the Court to extend the payment time for debtors; it does not nullify the other requisites to confirmation. Debtors must still comply with the remainder of § 1322 and § 1325. Section 1325(b)(1)(B) gives debtors two alternatives: pay 100 percent of the unsecured claims or commit all of their disposable income to fund the plan. Section 1322(c) states:

> The plan may not provide for payments over a period that is longer than three years, unless the court, for cause approves a longer period, but the court may not approve a period that is longer than five years.

and Section 1325(b)(1)(B) states:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> > (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

The Court holds that because § 1322(c) creates a 36–month standard time period for a chapter 13 plan and allows for a longer period only in unusual circumstances, that the use of the 36–month time period in § 1325(b)(1)(B) is not exclusive of a 60–month plan. Section 1325 requires use of all disposable income to fund a plan regardless of the duration of the plan. Because debtors do not propose to pay 100 percent on their

unsecured claims, they must commit all of their disposable income to the plan.

 The bankruptcy court is a court of equity. *Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *In re Ranch House of Orange–Brevard, Inc.,* 773 F.2d 1166 (11th Cir.1985). As a court of equity, this Court finds that the principles of equity and fair play require debtors to fully fund their plan for 60 months. Debtors are receiving the benefit of extending their plan payments. They cannot receive this grant, which allows them to pay off their priority and secured debts, without also accepting the burden of committing all of their disposable income to fund their plan. The Court holds that debtors must commit all of their disposable income to fund the plan for the full 60 months of the plan.

The Court will enter a separate order sustaining the objections of the chapter 13 trustee and Vector.

### ORDER SUSTAINING OBJECTIONS TO CONFIRMATION OF PLAN

Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Objections to confirmation of the Chapter 13 Trustee and Vector Industries LP, Ltd. are sustained.

2. The plan is not confirmed.